Rex, J.
The only question in this case is: Did the District Court err in dismissing the appeal ?
The appeal was taken from a judgment in an action in which the Superior Court of Cleveland had original jurisdiction, and in which the parties had not the light, by virtue of any law of this state, to a trial by jury. The appeal was therefore authorized by the act of January 30, 1875, to-amend an act to establish the Superior Court for the city of Cleveland (72 Ohio L. 189), unless the provisions of section 2 of the act “ concerning the enacting and repealing of statutes,” as amended by the act of February 19,1866 (S- *309 .& S. 1), prevent the act allowing the appeal from taking effect upon actions pending in the Superior Court at the time of its passage.
It has been uniformly held by this court that statutes which merely affect the manner of trying or conducting an action are remedial in their character, and apply as well to cases pending and causes of action existing at the time they take effect as to future cases and causes of action, and therefore do not affect pending actions within the meaning of section 2 of that act. Westerman et al. v. Westerman, 25 Ohio St. 500.
The act in question is, in our opinion, of that character, and is properly applicable to this case, notwithstanding the -fact that under the provisions of the act of May 5, 1873, to establish a Superior Court for the city of Cleveland (70 Ohio L. 297), a judgment rendered at a regular term could not be reviewed except upon proceedings in error at a general term.
In Sapp v. Langhead et al., reported in 6 Ohio St. 174, it was held that notice of an appeal given March 12, 1852, the time of the rendition of the judgment in the Court of Common Pleas, and entered on its journal, was a sufficient compliance, as to notice of the intention of the party to appeal, with an act passed on the 23d day of the same month, authorizing appeals from the Court of Common Pleas to the District Court.
The proceeding in Sapp v. Langhead was an action of assumpsit, and at the time notice of appeal was given, under the provisions of the act of March 12,1845, to regulate the judicial courts and the practice thereof (2 Curwen, 1139), then in force, no appeals were allowed from the Court of Common Pleas to the Supreme Court in actions or proceedings at law, so that the act of March 23, 1852, did not merely change an existing remedy from one court to another, as is urged by counsel for defendants, but furnished to parties litigant in the Courts of Common Pleas of this state a new remedy, by appeal to a court which was unknown to our *310 judicial system prior to the adoption of the present constitution.
In this ease the act authorizing the appeal from the Superior Court to the District Court was passed and took effect during the regular term of the Superior Court at which the judgment was rendered, and the requisites of the statutes regulating appeals having been complied with by the plaintiffs, we are of opinion that the District Court erred in dismissing the appeal.
The motion is granted, the judgment of the District Court reversed, and the cause remanded for further proceedings.

Judgment accordingly.

WsLcn, C. J., White, Gtlmore, and McIlvaine, JJ.,, concurred.